## Hoffman v. Leinhardt

*Jay V. Yost,* for plaintiff.

*Jesse L. Crabbs,* for The Bank of Hanover and Trust Company.

BUCKINGHAM, J., May 29, 1973.—Plaintiff sued defendants in assumpsit for $10,000, alleging that because of the misrepresentations of defendants, he was induced to deposit $10,000 in the checking account of Oxford Wood Products, Inc. (Oxford) in defendant bank, from which account thereafter creditors of Oxford were paid. He alleges that although demand has been made for the return of the $10,000, the $10,000 has not been returned to him. The misrepresentations of defendant bank are alleged to have been made to plaintiff by bank's president, Ambrose E. Warner, acting as the agent of the bank. The bank has filed preliminary objections to the complaint in the form of a demurrer and motion for a more specific complaint.

The demurrer must be dismissed. The bank's brief indicates that its principal ground for the demurrer is that there are no facts in the complaint from which it could be concluded that the president of the bank was acting as agent for the bank with either express, implied or apparent authority. We disagree. The complaint alleges that Oxford's financial condition was not as good as represented by defendant, Leinhardt; that the bank's president was a stockholder of Oxford and knew of Leinhardt's misrepresentations; that the bank was the major creditor of Oxford and that the bank was unjustly benefited from the payment of Oxford's debts from the plaintiff's money put into Oxford's bank account because it reduced Oxford's indebtedness, thereby increasing its net worth and thus enhancing the position of the bank as the major creditor of Oxford.

We believe these allegations bring plaintiff within Emery v. Third National Bank of Pittsburgh, 308 Pa.

504 (1932). In Emery, the case against the bank was much stronger than our case but nevertheless is factually close enough to take plaintiff here beyond the preliminary objection stage. In Emery, plaintiff was induced to purchase stock in a financially shaky corporation (the purchase money going to the corporation) by the misrepresentations of, among others, the cashier and the president of a bank. The bank cashier was a shareholder, officer and director of the corporation but the bank president had no personal connection with the corporation. The bank was a shareholder in the corporation and its principal creditor. The bank contended that it was beyond the authority of its cashier and president to subject the bank to liability for their misrepresentations. In rejecting this contention, the court said, at page 514:

"We hold that in this case the interests of the bank were so closely related with those of the coffee company and so completely was the company dominated by the bank, that the latter can justly be held liable for the misrepresentations made obviously in the bank's interest. Not only did Hamilton, the bank's cashier, make the misrepresentations, but also Reed, the president of the bank, who was not officially connected with the coffee company. The latter company was largely indebted to the bank and it was to the interest of the bank that the coffee company's business be galvanized into life by some new money. The fact that the money received from plaintiff went to the coffee company and not to the bank, and that the bank sold stock not owned by it but held by it as collateral, is not decisive of this question. The officers' representations relied on were sufficiently within the *apparent* scope of the bank's business to subject it to liability." (Italics supplied.)

In its brief on the motion for a more specific com-

plaint, the bank principally objects to the fact that plaintiff does not specify whether the bank's president had express, implied or apparent authority. We think this is a legitimate complaint but since it is obvious from plaintiff's brief that he is relying solely on the apparent authority doctrine set forth in §257 of the Restatement Agency, 2d, illustrated in Emery, supra, we feel that the motion should be dismissed, with the admonition that at trial plaintiff will be confined to the apparent authority theory. If he had wanted to proceed on either express or implied authority, he could easily have done so by amending his complaint voluntarily. In view of the foregoing, we enter the following

## ORDER

And now, to wit, May 29, 1973, the preliminary objections of defendant, the Bank of Hanover and Trust Company, to plaintiff's complaint are overruled and dismissed, with leave to said defendant to file an anwer to the complaint within 20 days of the date of this order.

An exception is granted to defendant, the Bank of Hanover and Trust Company.